State v. Pearson

———————

STATE OF NORTH CAROLINA v. HOWARD PEARSON

No. 7525SC351

(Filed 1 October 1975)

1. Assault and Battery § 15— jury instructions — recapitulation of evidence — no error

In a prosecution for assault with a deadly weapon with intent to kill inflicting serious injury, the trial court did not err in his charge to the jury by recapitulating some of the testimony of a neurosurgeon who examined the victim of the assault.

2. Assault and Battery § 15— failure to define serious injury — no error

In a prosecution for assault with a deadly weapon with intent to kill inflicting serious injury, the trial court did not err in failing to define serious injury.

APPEAL by defendant from *Ferrell, Judge.* Judgment entered 23 January 1975 in Superior Court, BURKE County. Heard in the Court of Appeals 28 August 1975.

The defendant was tried upon a bill of indictment charging him with assault with a deadly weapon with intent to kill, inflicting serious injury. The jury found him guilty of assault with a deadly weapon inflicting serious injury, whereupon he was sentenced to a term of not less than six years nor more than ten years.

The evidence for the State tended to show the following. On 5 August 1974, Billy Norville, while working at his job, received a telephone call from Betty Pearson, wife of defendant. Mrs. Pearson requested that Norville come to her house. On his arrival he pulled in the driveway adjacent to the house, and Norville and Mrs. Pearson began talking. Mrs. Pearson was standing in the doorway of her house and Norville was still seated in his car. Norville felt a bullet hit his arm. He looked up and saw defendant shooting at him with a .22 caliber rifle. Defendant fired about eight times, and several of the bullets hit Norville, leaving him partially paralyzed. In Norville's pocket was found a .25 caliber pistol and on the back seat of his car was a 12-gauge shotgun and a bag of shells. Norville did not attempt to use either weapon. Defendant retrieved the shotgun, and fired it into the ground near where Norville was lying. Norville asked defendant to call an ambulance but he refused.

Officer Frank Browning of the Burke County Sheriff's Department was called to the residence of the defendant to investigate the shooting. In the course of this investigation Officer Browning advised the defendant of his constitutional rights in detail. Thereafter, defendant made a statement, which was later typed and signed, admitting that he shot Norville with a .22 caliber rifle. This statement was introduced into evidence without objection from defendant.

As a result of these injuries, Norville was hospitalized for 53 days, 4 of which were spent in the intensive care unit. He has been unable to work since the shooting and is not presently able to walk as he could before the shooting.

The evidence for the defendant tends to show the following. Norville had been courting defendant's wife and had tried to get her to leave defendant. He came to defendant's house after being warned to stay off the premises and to leave Mrs. Norville alone. Defendant was coming from the basement of his home and heard his wife and Norville talking. Defendant took his rifle from the head of the stairway and went out the door where he observed Norville reach over in the back seat of his car in the direction of a shotgun. Defendant fired about four rounds from the rifle at Norville.

Defendant also offered evidence tending to show that he is a man of good character and reputation in the community in which he resides.

*Attorney General Edmisten, by Associate Attorney Robert P. Gruber, for the State.*

*James A. Simpson, for defendant appellant.*

VAUGHN, Judge.

[1]  Defendant's assignment of error to a portion of the charge wherein the judge recapitulates some of the testimony of a neurosurgeon who examined Norville is without merit. Defendant does not argue that the judge misstated the testimony and, indeed, the record would clearly refute that contention.

Defendant appears to argue that the testimony was irrelevant and that the judge, by the act of recapitulating it, expressed the opinion that it had probative value. In the first place, the testimony was received without objection and secondly, the testimony is obviously relevant to aid the jury in determining the degree of Norville's injuries. The weight to be given that testimony, along with all the other evidence, is for the jury.

[2]  In the only other assignment of error, defendant contends the judge erred in that he did not define "serious injury." Defendant made no request for a special instruction and did not submit a proposed definition to the judge. Moreover, the Supreme Court has said that further definition of the term "serious injury" is " . . . neither wise nor desirable. Whether such serious injury has been inflicted must be determined according to the particular facts of each case." *State v. Jones,* 258 N.C. 89, 91, 128 S.E. 2d 1.

We find no error in defendant's trial.

No error.

Judges MORRIS and CLARK concur.